IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LARRY J. RUSSELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09CV534 |
| | ) | |
| MERRILL LYNCH, INC., | ) | |
| EVANS NEVILLE, FRANK | ) | |
| AZZARITA, DARBY HENLEY, JR., | ) | |
| and CHRISTOPHER DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the motion of *pro se* Plaintiff Larry J. Russell, Jr. for a preliminary injunction mandating that Defendant Merrill Lynch "re-register Plaintiff Russell's Series 7 and Series 63 securities licenses" pending the outcome of this litigation. Plaintiff requests that the Court require Merrill Lynch register him as an associated person of Merrill Lynch because he contends that certain licenses will expire if Merrill Lynch does not do so, and he will have to "repeat [an] arduous study program, and retake the Series 7 licensing exam." (Docket No. 3.) Defendant has responded in opposition to the motion. For reasons set forth below, the Court determines that Plaintiff's motion for a preliminary injunction should be denied.

Review of the pleadings shows that Plaintiff was separated from Merrill Lynch on August 10, 2007. Pursuant to the rules of the Financial Industry Regulatory Authority ("FINRA"), an individual's licenses expire two years after the employee's separation from a member firm such as Merrill Lynch. *See* Docket No. 15, Def. Merrill Lynch's Opp'n to Pl.'s Request for a Prelim. Inj., Attach. A, FINRA 1031(c). FINRA specifically prohibits member firms from maintaining the registration of a person not actively engaged in the firm's investment banking or securities business. *Id.*

Plaintiff's request for an injunction requiring Merrill Lynch to take an action that would be violative of FINRA is not in the public interest and should be denied. In order to bring about the outcome Plaintiff requests, Merrill Lynch would be required to file a false registration on Plaintiff's behalf. The Court should take no action that would create such a requirement.

A preliminary injunction is an extraordinary remedy, and a *mandatory* preliminary injunction is granted even more rarely than a prohibitory injunction. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *Marshall v. Nat'l Ass'n of Letter Carriers*, No. 03 Civ. 1361 LTSAJP, 2003 WL 22119882, *2 (S.D.N.Y. Sept. 15, 2003)(A plaintiff who is seeking to change the status quo must make an even higher showing in order to obtain a preliminary injunction.). To obtain a preliminary injunction, a plaintiff must establish (1) a likelihood of success, (2) a likelihood of irreparable harm, (3) a balance of equities that tips in his favor, and (4) a public interest consonant with the

issuance of preliminary relief. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. ___, _____, 129 S. Ct. 365, 374-76 (2008).

Plaintiff has made no showing in his one-page motion that would support a finding in his favor on any one of the four factors listed above. Moreover, it would certainly not be in the public interest to issue a mandatory injunction that required Merrill Lynch to violate FINRA rules by filing a false registration on Plaintiff's behalf.

## **Conclusion**

Accordingly, for reasons set forth above, **IT IS RECOMMENDED** that Plaintiff's motion for a preliminary injunction (Docket No. 3) be denied.

/s/ P. Trevor Sharp<br>
United States Magistrate Judge

Date: August 20, 2009